```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                        For Online Publication Only
-----------------------------------------------------------X
TRUSTEES OF THE UNITED PLANT AND
PRODUCTION WORKERS LOCAL 175
BENEFITS FUND,

                    Plaintiff,

        -against-                                   ORDER
                                                    15-cv-01844 (JMA) (AYS)
ADVANCED SPORTS TURF INC. et al,

                    Defendants.
-----------------------------------------------------------X
```

**AZRACK, United States District Judge:**

      This action was filed on April 6, 2015. On August 12, 2015, defendants Advanced Sports Turf Inc. and Karol Constante filed their answer with counterclaims against plaintiff Trustees of the United Plant and Production Workers Local 175 Benefits Fund. On September 17, 2015, plaintiff filed its answer to the counterclaims. On December 9, 2015, the parties filed a joint status letter indicating that this case was not suitable for arbitration. At a status conference before Magistrate Judge Anne Y. Shields on August 24, 2016, counsel for defendants indicated that the parties were working towards a settlement.

      On June 9, 2017, the Court issued a Status Report Order directing plaintiff to file a status report by June 23, 2017. On July 13, 2017, the Court issued a second Status Report Order indicating that there had been no activity in this case since December 1, 2016 and directing plaintiff to file a status report by July 28, 2017. The order warned that failure to respond could result in dismissal for failure to prosecute this case. On August 28, 2017, the Court issued a third Status Report Order indicating that there had been no activity in this case since December 1, 2016 and directing plaintiff to file a status report by September 29, 2017. The order warned that failure to comply would result in dismissal of plaintiff's claims against defendants for failure to

prosecute. Plaintiff did not respond to any of the Court's three orders.

Federal Rule of Civil Procedure 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar and protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. Shannon v. G.E. Co., 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. Id.

Here, plaintiff has failed to respond to the Court's three directives. The Court has warned plaintiff that failure to respond to these orders would result in the dismissal of the case. After considering the relevant factors identified above, the Court concludes that plaintiff's failure to comply with the Court's orders constitutes grounds for dismissal. Accordingly, plaintiff's claims are dismissed, without prejudice, for failure to prosecute and noncompliance. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Date:   December 14, 2017
        Central Islip, New York

                                                      /s/ (JMA)
                                                      Joan M. Azrack
                                                      United States District Judge